**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gustavo Omar Castro Ruiz,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-02160-PHX-SMB (JFM)

**ORDER**

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. Petitioner alleges he entered the United States in June 2024 and was thereafter released under the Alternatives to Detention program. (Doc. 1, Exs.) In March 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) officials. Petitioner alleges his detention violates his Fifth Amendment rights. (Doc. 1.)

In their Response (Doc. 8), Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Respondents are mistaken according to the Ninth Circuit. The Ninth Circuit held noncitizens like Petitioner are not "seeking admission" such that they are subject to detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior are detained under § 1226(a), not § 1225(b)(2)(A)). This Court disagrees with the analysis of the Ninth Circuit in *Rodriguez Vazquez* but is bound to follow the ruling. The Court will therefore grant the Petition and order Petitioner be provided a bond hearing.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as described herein**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing Petitioner a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 5th day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge